CRAIN, Judge.
Ralph Falsetta, Mayor of the City of Donaldsonville appeals from a decision of the Board of Ethics for Elected Officials (Board) which held that Falsetta violated La.R.S. 42:1112(A) and La.R.S. 42:1112(B)(5). In addition to imposing a fine of $4,200[1] the Board voted to censure Mayor Falsetta.
FACTS
On November 20, 1981, Falsetta cosigned as a surety a promissory note that a political acquaintance of the mayor, Bernell Green, had executed in favor of the First National Bank of Donaldsonville. The note was made in the amount of $9,063.36. Green was borrowing the money in order to pay off debts he had incurred in a hotly contested but unsuccessful political campaign. Green never made any of the scheduled monthly payments on the note.
On June 28, 1982, a meeting was held at the bank to discuss Green’s failure to make payments on the note. At this meeting were Falsetta, Green, James Gros (the other co-signer) and James Abadie, a bank officer. The parties agreed that Green would execute a new note in favor of the bank in an amount equal to the amount of the original loan plus accrued interest, with a new repayment schedule requiring Green to make monthly payments of $321.08 for *115 forty-two months. Both Falsetta and Gros again endorsed this new note.
A worksheet that Abadie had used at the meeting indicated that the source of repayment for this new loan was to be the “cash flow from job with City of Donaldsonville or from the endorsers: Ralph Falsetta-Mar-vin Gross.” Bernell Green was not employed by the City of Donaldsonville until September 1982 when Falsetta hired Green as an “Intelligence Officer” for the city. He reported directly to the mayor and had no involvement with the city’s police force.[2]
Green’s salary was set by Falsetta at $850 per month. His salary was not drawn from the city’s payroll account, but was taken out of an account titled “Police Intelligence.” Once again, Greén was immediately delinquent on his payments, missing the first two due in July and August. On September 30, 1982, the day the third payment was due, Mayor Falsetta’s personal checking account with First National Bank was debited by the bank in the amount of $963.24 (the amount due on the three payments).
On October 15, 1982, a check was issued by the city out of the Police Intelligence account, payable to Green in the amount of $700 for payment of his salary for the months of September and October. The mayor signed Green’s name to the back of this $700 check and then signed his own name immediately below Green’s. The record is unclear as to the exact disposition of the $700. However, the disposition of the remaining paychecks is clear as they were handled in a precise, routine manner.
Green was issued one salary check every month. By prior arrangement with Mayor Falsetta, Green never received any of the checks. Falsetta would endorse Green’s name to the checks and deliver them to the bank for payment on the $321.08 a month note. The remaining $28.92 of the $350 was credited toward payment on another, separate note that Green had with the bank. This separate note was also endorsed by Falsetta.
These payments were promptly made for ten months until Green’s employment with the city was terminated in August of 1983. Thereafter, Green failed to make any further monthly payments until September of 1984 when the debt was again consolidated into a new note.
The Board found that Falsetta’s actions violated La.R.S. 42:1112(A) and La.R.S. 42:1112(B)(5).
SUBSTANTIAL ECONOMIC INTEREST
La.R.S. 42:1112(A) provides as follows, “No public servant, except as provided in R.S. 42:1120, shall participate in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involving the governmental entity.” Falsetta appeals, alleging the Board erred in finding that he had a personal substantial economic interest in the transaction.
La.R.S. 42:1102(21) defines a substantial economic interest, with certain exceptions, as “an economic interest, which is of greater benefit to the public servant or other person than to a general class or group of persons.” Falsetta contends that he had no economic interest in the transaction because as a surety on the note, his liability was conditional and remote, contingent upon a default by Green. He also argues that as a surety, he is entitled to the benefits of division, discussion and sub-rogation. The facts belie this contention.
First, Falsetta’s personal economic interests have already been substantially effected, most notably when his personal checking account was debited $963.24 by the bank. By hiring Green at a salary just sufficient enough to make the monthly note, Mayor Falsetta’s potential liability as an accomodation party was reduced on a pro rata basis every month. This was clearly an act that was of greater economic benefit to Falsetta than any general class or group of persons. La.R.S. 42:1102(21). *116 Furthermore, the note itself made all endorsers solidary obligors with Green, and waived the benefits of division and discussion. It is at least arguable that the bank was not obligated to first attempt to collect from Green. In fact it had not done so previously in debiting Mayor Falsetta’s checking account.
While Mayor Falsetta may have done no criminal wrong or actual damage to the City of Donaldsonville, the code is not a criminal statute designed to prohibit criminal conduct. Glazer v. Com’n. on Ethics for Pub. Employees, 431 So.2d 752 (La.1983). The goal of the code is to eliminate even the potential for abuse of public office. The conflict of interest in this case is self-evident.
Since we have determined that Falsetta’s actions constituted a violation of La.R.S. 42:1112(A), there is no need to address the Board’s ruling on La.R.S. 42:1112(B)(5).
DECREE
Accordingly, for the above and foregoing reasons, the decision of the Board is affirmed. Appellant is cast for all costs of this appeal.

. The Board decided that a fine of $4,200, the exact amount the City of Donaldsonville paid Green, would be appropriate.

. Though not in the record, from the briefs it appears that the Board had determined in a previous proceeding that Green actually performed the services for which he was paid.